UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRUCE ALLEN KNOWLES,　　　　　　　　　　Civil No. 11-148 (RHK/LIB)

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

MARK THIELEN, (Warden),

　　　　　Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.　BACKGROUND**

In July 2006, Petitioner agreed to plead guilty to first degree possession of a controlled substance, (methamphetamine), in a criminal case brought against him in the state district court for Hubbard County, Minnesota. Knowles v. State, No. A09-262 (Minn.App. 2009), 2009 WL 3426866 (unpublished opinion) at *1, rev. denied, January 19, 2010. On September 6, 2006, Petitioner was sentenced to 146 months in state prison. Id. Petitioner did not challenge his conviction and sentence on direct appeal, but two years after he was sentenced, (i.e., approximately September 2008), he filed a post-conviction

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

motion in the trial court. Id.

Petitioner's post-conviction motion was denied by the trial court, and he then filed an appeal. Id. The Minnesota Court of Appeals denied Petitioner's appeal on October 27, 2009, and the Minnesota Supreme Court denied Petitioner's application for further review on January 19, 2010.

Petitioner's current habeas corpus petition was filed on January 20, 2011. However, the petition is accompanied by an affidavit, which indicates that he delivered it to prison officials for mailing on January 18, 2011. Therefore, the petition is deemed to have been filed on January 18, 2011. See Rules Governing Section 2254 Cases In The United States District Courts, Rule 3(d).

Petitioner's current habeas corpus petition presents two grounds for relief. First, Petitioner claims that his 2006 Hubbard County sentence was wrongly enhanced based on a previous conviction in Wright County, Minnesota.[2] According to Petitioner, the Wright County conviction was erroneous, because the acts on which the conviction was based did not actually violate state law until after a post-conviction amendment to the statute at issue.[3] Petitioner also claims that his 2006 Hubbard County conviction should be vacated

---

[2] Petitioner challenged his Wright County conviction in a previous federal habeas corpus petition filed in this District. Knowles v. Carlson, No. 02-1074 (RHK/RLE). The District Court Judge dismissed that petition with prejudice, and that ruling was later upheld by the Eighth Circuit Court of Appeals. Therefore, Petitioner cannot seek further federal habeas review of his Wright County conviction without first obtaining pre-authorization from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3).

[3] Although the claims raised in the current petition will not be decided on the merits here, the Court notes that Petitioner's belated attack on his Wright County conviction is patently frivolous. He argues that the Wright County conviction violates the Constitution's ex post facto clause, (and hence could not properly be used to enhance his subsequent Hubbard County sentence), because the acts on which the conviction was based did not

2

because the trial court accepted his guilty plea, even though there was not an adequate factual basis to support a finding of guilt. (Petition, [Docket No. 1], pp. (5)-(6).) However, neither one of Petitioner's current habeas corpus claims can be adjudicated on the merits, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

---

become a crime until a new law was passed a few years after he was convicted. According to Petitioner, the acts that caused him to be convicted in the Wright County case were not illegal at the time of his conviction, but only became illegal when a new law was enacted subsequent to his conviction. If that were so, however, then Petitioner could have, (and should have), argued during the original Wright County criminal case that the acts he was accused of committing did not violate the law. An ex post facto law is a statute passed after an act is committed, but before the actor is charged with a criminal offense. In this case, Petitioner's ex post facto claim is based on a statute that was not enacted until after he had already been charged and convicted under the law as it existed at the time of the alleged offense. A statute enacted after a person has already been charged and convicted cannot support a post-judgment ex post facto argument.

3

>     exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, and Petitioner has not shown that his current claims are based on any new, retroactively applicable, constitutional ruling, or any new and previously undiscoverable evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment that effected Petitioner's conviction and sentence was entered on or about September 6, 2006. Because Petitioner did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was approximately December 5, 2006, (90 days after the judgment was entered), and the statute of limitations began to run on or about that date. The deadline

for seeking federal habeas corpus relief expired one year later, on or about December 5, 2007.

Petitioner did not file his current petition, however, until January 2011, which was more than three years after the statute of limitations had expired. Therefore, the current petition is time-barred, unless the statute of limitations was somehow tolled.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because <u>the statute of limitations had already expired before he filed his post-conviction motion in the trial court</u>. The statute of limitations expired on or about December 5, 2007, and, according to the Minnesota Court of Appeals, Petitioner did not file his state post-conviction motion until two years after he was sentenced,[4] i.e., September 2008 – which was approximately nine months after the federal habeas limitations period had already expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452

---

[4] Knowles, 2010 WL 3426866 at *1.

F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, on or about December 5, 2007, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion in September 2008.[5]

---

[5] The Court notes that the statute of limitations was running for about 363 days after Petitioner's post-conviction proceedings were completed in the Minnesota Supreme Court, (i.e., from January 20, 2010, to January 18, 2011). Therefore, even with the benefit of the § 2244(d)(2) tolling provision, the current habeas corpus petition would not have been timely, unless Petitioner had filed his state post-conviction motion within a few days after his judgment of conviction became final in December 2006. Of course, Petitioner did not file his state post-conviction motion within a few days after his conviction and sentence became final; he waited nearly two years before eventually filing his post-conviction motion in September 2008. He then waited almost another year after his post-conviction proceedings were completed before he filed his current habeas petition. Therefore, even with the benefit of the tolling statute, the current petition is not even close to being timely.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case in December 2007. However, Petitioner did not file his current petition until January 2011. Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his post-conviction motion in the trial court until approximately September 2008, which was long after the federal statute of limitations had already expired. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v.

Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

**V. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: January 26, 2011

s/
Leo. I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 9, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or

judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.